## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

VINCENT OLIVO, on behalf of himself and
all others similarly situated,

                Plaintiff,

      v.                                Case No. 1:25-cv-10173-MJJ

SYMBOTIC LLC, a Massachusetts
corporation,

                Defendant.

## ANSWER TO COMPLAINT

Defendant SYMBOTIC LLC, by and through its attorneys, Seyfarth Shaw LLP, hereby

submits its Answer to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

### COMPLAINT ¶1:

This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28
U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

### ANSWER:

Paragraph 1 consists of a conclusion of law to which no response is required. To the

extent the Court requires a response, Defendant admits.

### COMPLAINT ¶2:

Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim
pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained
against any employer . . . in any Federal or State court of competent jurisdiction."

### ANSWER:

Paragraph 1 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶3:**

Defendant's annual sales exceed $500,000.00 and they had more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

**ANSWER:**

Paragraph 3 consists of a conclusion of law to which no response is required. To the extent the Court requires a response, Defendant admits its annual sales exceed $500,000 and that it had more than two employees.  Defendant further answers that the allegation that "Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis" is too vague to be susceptible to admission or denial, and on that basis, Defendant denies.

**COMPLAINT ¶4:**

Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

**ANSWER:**

Paragraph 4 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶5:**

Defendant's principal place of business is located in Wilmington, Massachusetts, which is in Middlesex County.

**ANSWER:**

Defendant admits that its U.S. Headquarters is located in Wilmington, Massachusetts, and that Wilmington is in Middlesex County, but denies that Paragraph 5 is a complete and accurate description of Defendant's Wilmington operations or business.

## PARTIES

**COMPLAINT ¶6:**

Plaintiff is an adult resident of Illinois and was employed by Defendant from approximately September 2019 through September 17, 2024. Plaintiff's consent to joint form is attached as Exhibit A.

**ANSWER:**

Defendant lacks information as to Plaintiff's current residence but admits that he is an

adult, that he was employed by Defendant from approximately September 2019 through

September 17, 2024, and, according to information he provided during his employment, he

resides in Illinois. Paragraph 6 also consists of a conclusion of law to which no response is

required. To the extent the Court requires a response, Defendant admits a consent to join form is

attached to his Complaint as Exhibit A.

**COMPLAINT ¶7:**

Additional putative Collective members were or are employed by Defendant in different states as hourly employees during the past three years and their consent forms will also be filed in this case.

**ANSWER:**

Defendant admits Plaintiff purports to define a collective that he aspires to represent in

Paragraph 7. Defendant denies that Plaintiff's claims are appropriate for representative action of

any kind.

**COMPLAINT ¶8:**

Symbotic LLC was founded in 2007 and became a leader in the warehouse operations and automations field.

**ANSWER:**

Defendant admits that it was founded in 2007 and that it became a leader in the

warehouse operations and automations field but denies that Paragraph 8 is a complete and

accurate description of Defendant, its operations, or its business.

**COMPLAINT ¶9:**

Defendant is a Massachusetts corporation headquartered in Wilmington, Massachusetts, and doing business throughout North America.

**ANSWER:**

Defendant admits that its U.S. Headquarters is located in Wilmington, Massachusetts.

Defendant denied that it is a corporation, or does business throughout North America, but admits

that it does business in parts of North America. Responding further, Defendant states that it is a

foreign LLC that is registered in Massachusetts.

**COMPLAINT ¶10:**

According to Defendant's website, Defendant has operations in 20 locations in the United States and Canada that include facilities specializing in robotics, machine learning, software engineering, and data analytics.

**ANSWER:**

Defendant admits that its website includes information regarding Defendant's offices,

centers of innovation, and site operations in the United States and Canada but denies that

Paragraph 10 is a complete and accurate description of the information provided on Defendant's

website.

**COMPLAINT ¶11:**

Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

**ANSWER:**

Paragraph 11 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶12:**

Defendant's registered agent for purposes of service is: CT Corporation System, 155 Federal St., Suite 700, Boston, MA 02110.

**ANSWER:**

Admitted.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶13:**

Plaintiff worked for Defendant from approximately September 2019 through September 17, 2024, as a non-exempt, hourly employee.

**ANSWER:**

Defendant admits that Plaintiff worked for Defendant from September 16, 2019 through September 17, 2024, as an hourly employee. Responding further, Plaintiff's characterization of his role as exempt is an assertion of law, to which no response is required.

**COMPLAINT ¶14:**

Plaintiff worked at Defendant's location in Melrose Park, Illinois.

**ANSWER:**

Admitted.

**COMPLAINT ¶15:**

Plaintiff's most recent base hourly rate of pay was $29.00.

**ANSWER:**

Denied.

**COMPLAINT ¶16:**

In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary pay into their payment structure. For example, Defendant promised their hourly employees shift differential pay.

**ANSWER:**

The allegations in Paragraph 16 are too vague to be susceptible to admission or denial, and on that basis, Defendant denies Paragraph 16.

**COMPLAINT ¶17:**

Throughout Plaintiff's employment with Defendant, he earned a shift differential.

**ANSWER:**

The allegations in Paragraph 17 are too vague to be susceptible to admission or denial, and on that basis, Defendant denies.

**COMPLAINT ¶18:**

As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

**ANSWER:**

Paragraph 18 consists of a statement of law to which no response is required.  To the extent the Court requires a response, Defendant admits this is an accurate (but not complete) description of law as to overtime pay for non-exempt employees.

**The Regular Rate of Pay**

**COMPLAINT ¶19:**

Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co*., 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

**ANSWER:**

Paragraph 19 consists of a statement of law to which no response is required.

**COMPLAINT ¶20:**

No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

**ANSWER:**

Paragraph 20 consists of a statement of law to which no response is required.

**COMPLAINT ¶21:**

There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

**ANSWER:**

Part of Paragraph 21 consists of statements of law to which no response is required.

**COMPLAINT ¶22:**

Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

**ANSWER:**

Paragraph 22 consists of a statement of law to which no response is required.

**COMPLAINT ¶23:**

Plaintiff's "total remuneration" included not only his base hourly pay, but also any shift differentials. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate...."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials... and premiums paid for hazardous, arduous, or dirty work.").

**ANSWER:**

Paragraph 23 consists of a statement of law to which no response is required.

**COMPLAINT ¶24:**

Defendant's shift differentials do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

**ANSWER:**

Paragraph 24 consists of a conclusion of law to which no response is required. To the

extent the Court requires a response, Defendant states that allegation in Paragraph 24 is too

vague to be susceptible to admission or denial, and on that basis, Defendant denies it.

**COMPLAINT ¶25:**

However, Defendant failed to incorporate any shift differentials into their hourly
employees' regular hourly rate calculation, resulting in prima facie violations of the FLSA.

**ANSWER:**

Paragraph 25 consists of a conclusion of law to which no response is required. To the

extent the Court requires a response, Defendant states that allegation in Paragraph 25 is too

vague to be susceptible to admission or denial, and on that basis, Defendant denies it.

**COMPLAINT ¶26:**

Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly
situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked
in excess of forty (40) hours per week.

**ANSWER:**

Paragraph 26 consists of a conclusion of law to which no response is required. To the

extent the Court requires a response, Defendant states that allegation in Paragraph 26 is too

vague to be susceptible to admission or denial, and on that basis, Defendant denies it.

Additionally, Defendant denies that Plaintiff's claims are appropriate for representative action of

any kind.

**COMPLAINT ¶27:**

Plaintiff and those similarly situated regularly worked in excess of 40 hours a week, and
were paid some overtime for those hours, but at a rate that did not include Defendant's shift
differentials as required by the FLSA.

**ANSWER:**

Paragraph 27 consists of a conclusion of law to which no response is required. To the extent the Court requires a response, Defendant states that allegation in Paragraph 27 is too vague to be susceptible to admission or denial, and on that basis, Defendant denies it. Additionally, Defendant denies that Plaintiff's claims are appropriate for representative action of any kind.

**COMPLAINT ¶28:**

For example, Plaintiff's pay stub for the pay period beginning August 11, 2024, through August 24, 2024, shows 86.53 hours of work, a base hourly rate of $29.44, and gross earnings of $2,693.97, inclusive of shift differential pay. However, his $44.16 overtime rate did not account for the extra payments and, therefore, Defendant violated the FLSA.

**ANSWER:**

Paragraph 28 consists of a conclusion of law to which no response is required. To the extent the Court requires a response, Defendant states that the pay stub to which Plaintiff refers is a document that speaks for itself and otherwise denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

Defendant's paystubs for other similarly situated hourly employees who worked in different locations show similar violations of the FLSA regular rate calculation. Upon information and belief, Defendant maintained a centralized payroll system which calculated the regular rate in the same manner at each of their manufacturing locations.

**ANSWER:**

Defendant states that allegation in Paragraph 29 is too vague to be susceptible to admission or denial, and on that basis, Defendant denies it. Additionally, Defendant denies that Plaintiff's claims are appropriate for representative action of any kind.

**COMPLAINT ¶30:**

The Sixth Circuit has expressly held that shift differential pay cannot be excluded from the regular rate calculation. *Featsent v. City of Youngstown*, 70 F.3d 900, 904 (6th Cir. 1995); *see also O'Brien v. Town of Agawam*, 350 F.3d 279, 295 (1st Cir. 2003) ("The case law is unequivocal that shift-differential pay must be included in an employee's FLSA `regular rate.").

**ANSWER:**

Paragraph 30 consists of a statement of law to which no response is required.

**COMPLAINT ¶31:**

Likewise, the U.S. Supreme Court held that shift differential pay cannot be mislabeled as an overtime premium. *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 466 (1948) ("a mere higher rate paid as a job differential or as a shift differential, or for Sunday or holiday work, is not an overtime premium.").

**ANSWER:**

Paragraph 31 consists of a statement of law to which no response is required.

**COMPLAINT ¶32:**

Moreover, to the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

**ANSWER:**

Paragraph 32 consists of a conclusion of law to which no response is required. To the

extent the Court requires a response, Defendant states that allegation in Paragraph 32 is too

vague to be susceptible to admission or denial, and on that basis, Defendant denies it.

Additionally, Defendant denies that Plaintiff's claims are appropriate for representative action of

any kind.

**COMPLAINT ¶33:**

In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

**ANSWER:**

Paragraph 33 consists of a statement of opinion regarding the law to which no response is

required.

**COMPLAINT ¶34:**

As a result of these prima facie FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

**ANSWER:**

Paragraph 34 consists of a conclusion of law to which no response is required

Additionally, Defendant denies that Plaintiff's claims are appropriate for representative action of

any kind.

## FLSA COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶35:**

Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked at any of Defendant's locations in the United States at any time in the past three years.

**ANSWER:**

Defendant admits Plaintiff purports to define a class that he aspires to represent in

Paragraph 35. Defendant denies that Plaintiff's claims are appropriate for representative action of

any kind.

**COMPLAINT ¶36:**

Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, among other things, all such individuals were eligible for and did receive the shift differential pay, but such pay was not calculated as part of their regular rate as required by the FLSA.

**ANSWER:**

Paragraph 36 consists of a conclusion of law to which no response is required. To the

extent the Court requires a response, Defendant admits Plaintiff purports to define a class that he

aspires to represent in Paragraph 36. Defendant denies that Plaintiff's claims are appropriate for

representative action of any kind.

**COMPLAINT ¶37:**

Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner regardless of job title or work location.

**ANSWER:**

Defendant admits that it used a centralized payroll system. Defendant states that the

remaining allegations in Paragraph 37 are too vague to be susceptible to admission or denial, and

on that basis, Defendant denies them. Additionally, Defendant denies that Plaintiff's claims are

appropriate for representative action of any kind.

**COMPLAINT ¶38:**

Resolution of this action requires inquiry into common facts.

**ANSWER:**

Denied.

**COMPLAINT ¶39:**

These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

**ANSWER:**

Defendant admits that it is required to maintain payroll records pursuant to the FLSA.

Defendant states that the remaining allegations in Paragraph 39 are too vague to be susceptible to

admission or denial, and on that basis, Defendant denies them. Additionally, Defendant denies

that Plaintiff's claims are appropriate for representative action of any kind.

**COMPLAINT ¶40:**

Notice to similarly situated employees is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including email and text message, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

**ANSWER:**

Denied. Additionally, Defendant denies that Plaintiff's claims are appropriate for

representative action of any kind.

**COMPLAINT ¶41:**

Upon information and belief, there are thousands of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**ANSWER:**

Denied. Additionally, Defendant denies that Plaintiff's claims are appropriate for

representative action of any kind.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

**COMPLAINT ¶42:**

Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

**ANSWER:**

Defendant incorporates all responses to Paragraphs 1 through 41.

**COMPLAINT ¶43:**

Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

**ANSWER:**

Paragraph 43 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶44:**

Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**

Paragraph 44 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶45:**

Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.; 29 C.F.R. § 791.237.

**ANSWER:**

Paragraph 45 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶46:**

The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's shift differentials do not fall into any of those exceptions.

**ANSWER:**

Paragraph 46 consists of a conclusion of law to which no response is required.

**COMPLAINT ¶47:**

Defendant failed to include shift differentials into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

**ANSWER:**

The allegation in Paragraph 47 that "Defendant failed to include shift differentials into

the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime

rates" is too vague to be susceptible to admission or denial, and on that basis, Defendant denies

it. Defendant further states that the remainder of Paragraph 47 consists of a conclusion of law to

which no response is required.  Additionally, Defendant denies that Plaintiff's claims are

appropriate for representative action of any kind.

**COMPLAINT ¶48:**

At all relevant times, Defendant maintained a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime

compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

**ANSWER:**

Denied.

**COMPLAINT ¶49:**

As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:**

Denied.

**COMPLAINT ¶50:**

Plaintiff and all others similarly situated are entitled to back pay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

**ANSWER:**

Paragraph 50 consists of conclusions of law to which no response is required.  To the

extent the Court requires a response, Defendant denies.  Additionally, Defendant denies that

Plaintiff's claims are appropriate for representative action of any kind.

**COMPLAINT ¶51:**

Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

**ANSWER:**

Paragraph 51 consists of a conclusion of law to which no response is required.

## RELIEF REQUESTED

**ANSWER:**

Defendant denies the propriety of each and every request contained in Plaintiff's prayers for relief and denies each and every factual allegation contained therein.

## DEMAND FOR JURY TRIAL

**ANSWER:**

Defendant also demands a jury trial.

## ADDITIONAL DEFENSES

In asserting the following defenses, Defendant does not assume the burden of proof as to matters for which Plaintiff bears the burden.

### FIRST DEFENSE

The claims of Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

### SECOND DEFENSE

Plaintiff and/or the putative collective members he proposes to include in this lawsuit have not and cannot satisfy the requirements for proceeding in a collective action under applicable law.

### THIRD DEFENSE

Plaintiff's allegations that his Complaint is appropriate for certification as a collective action are without basis and should be stricken because: (1) there are no "similarly situated individuals" with consistent interests or claims; (2) consideration of the "regular rate" of pay of Plaintiff and other individuals requires a fact-specific inquiry, making such certification inappropriate; (3) if entitled to any relief, calculation of the damages of Plaintiff and putative

collective members requires an individual fact-specific inquiry. Thus, Plaintiff cannot satisfy the similarly-situated requirement of the FLSA. The claims asserted by Plaintiff on behalf of himself and the putative collective members he purports to include in this lawsuit cannot be properly certified or maintained as a collective action.

## FOURTH DEFENSE

The claims asserted by Plaintiff and/or the putative collective members he proposes to include in this lawsuit are not appropriately pending in the United States District Court for the District of Massachusetts to the extent any of them signed agreements agreeing to pursue their claims in arbitration.

## FIFTH DEFENSE

Plaintiff's claims fail to the extent Plaintiff and/or the putative collective members he proposes to include in this lawsuit have been fairly and fully compensated, and fairness demands that they receive no additional compensation in conjunction with the matters described in the Complaint.

## SIXTH DEFENSE

The claims of Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred to the extent that their claims arose earlier than the applicable statute of limitations period.

## SEVENTH DEFENSE

Plaintiff and/or the putative collective members he proposes to include in this lawsuit are not entitled to multiple damages under applicable law because such damages are unconstitutional in the absence of a showing of bad faith or malicious intent on the part of Defendant.

EIGHTH DEFENSE

The claims of Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred by accord and satisfaction and/or release.

NINTH DEFENSE

The claims asserted by Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred, in whole or in part, by any failure to satisfy jurisdictional prerequisites.

TENTH DEFENSE

The claims of Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred from relief in whole or in part to the extent that Plaintiff lacks standing to pursue them.

ELEVENTH DEFENSE

The claims of Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred in accordance with the equitable doctrines of waiver, estoppel, laches and unclean hands.

TWELFTH DEFENSE

At all material times, Defendant paid Plaintiff and/or the putative collective members he proposes to include in this lawsuit all sums of money to which they were entitled.

THIRTEENTH DEFENSE

Defendant states that if it was, in fact, required to pay Plaintiff and/or the putative collective members he proposes to include in this lawsuit additional overtime, the additional overtime would be de minimis.

18

## FOURTEENTH DEFENSE

Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred from relief to the extent that they caused or contributed to the damages on which their claims are based.

## FIFTEENTH DEFENSE

Defendant acted at all times in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals or interpretations. Thus, pursuant to 29 U.S.C. § 259 and applicable state law, the relief sought by Plaintiff and the putative collective members he proposes to include in this lawsuit is barred.

## SIXTEENTH DEFENSE

Defendant acted at all times in good faith and with reasonable grounds to believe that it acted properly in its respective pay practices and that its actions were not a violation of applicable law and an award of liquidated damages is therefore improper pursuant to 29 U.S.C.§ 260.

## SEVENTEENTH DEFENSE

Even if Plaintiff prevails, his claims and any putative collective members' claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

## EIGHTEENTH DEFENSE

The claims of Plaintiff and/or the putative collective members he proposes to include in this lawsuit are barred to the extent they seek recovery on any theory that is barred by an order of any bankruptcy court or subject to estoppel for failure to include claims against Defendant in declarations submitted to any court in support of a request for bankruptcy-related relief.

## NINETEENTH DEFENSE

To the extent that Defendant is deemed to owe any unpaid overtime compensation to Plaintiff or the members of the collective that he aspires to represent, Defendant is entitled to an offset against such obligations based on extra compensation that Defendant provided to such individuals pursuant to 29 U.S.C. § 207(h)(2).

Defendant reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

WHEREFORE Defendant prays that the Complaint be dismissed and that the Court provide Defendant with such other remedies as are appropriate under the circumstances.

DATED: March 31, 2025                    Respectfully submitted,

                                         SYMBOTIC LLC

                                         By Its Attorneys,

                                         */s/ Hillary Massey*
                                         Barry J. Miller (BBO # 661596)
                                         bmiller@seyfarth.com
                                         Hillary Massey (BBO # 669600)
                                         hmassey@seyfarth.com
                                         SEYFARTH SHAW LLP
                                         Seaport East
                                         Two Seaport Lane, Suite 1200
                                         Boston, Massachusetts  02210-2028
                                         Telephone:   (617) 946-4800
                                         Facsimile:   (617) 946-4801

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2025, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Hillary Massey*
*Hillary Massey*

316120108v.4